**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0245-14T4
              A-4603-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SIDDHARTH GAUR,

    Defendant-Appellant.

_____

Argued October 19, 2017 — Decided  November 6, 2017

Before Judges Simonelli, Haas and Rothstadt.

On appeal from Superior Court of New Jersey,
Law Division, Passaic County, Indictment No.
10-06-0629.

Edward J. Dimon argued the cause for appellant
(Carluccio, Leone, Dimon, Doyle & Sacks, LLC,
attorneys; Mr. Dimon, of counsel; Marguerite
Kneisser, on the briefs).

Tom D. Osadnik, Assistant Prosecutor, argued
the cause for respondent (Camelia M. Valdes,
Passaic County Prosecutor, attorney; Kirah M.
Addes, Assistant Prosecutor, of counsel and
on the brief).

PER CURIAM

In these consolidated appeals, defendant, Siddarth Gaur, appeals from his convictions, following a jury trial for attempted sexual assault and various other charges stemming from his interactions in a chat room with an undercover detective posing as a twelve-year-old girl. When he filed his appeal, defendant included, in his appendix, expert reports that were outside of the trial record, which he submitted in support of his contention that the State had altered audiotape recordings of phone conversations between defendant and a female undercover detective.

We granted the State's motion to strike that information without prejudice to defendant making a motion in the trial court for the production of the original recordings. In our order, we anticipated that any appeal from the outcome of that motion would be consolidated with defendant's original appeal. We specifically granted the trial court jurisdiction to decide the motion pending appeal. Our February 2, 2016 order stated:

> We grant the State's motion to strike . . . the three expert reports appellant procured after the trial. However, our disposition is without prejudice to appellant filing a motion in the trial court to seek relief based upon those expert reports, including but not limited to granting appellant's counsel or his experts access to the original audiotape recordings in the State's possession. <u>The trial court shall have jurisdiction to consider such a motion despite the pendency of this appeal.</u> Depending on how the trial court rules on that motion if it is filed,

> either party may seek appellate review of the court's ruling in a new notice of appeal, which shall be consolidated with the present appeal.
>
> [(emphasis added).]

Defendant made the motion and, in support, he filed his attorney's certification that had attached a copy of our order. Despite the provisions of our order, after considering the motion and counsels' oral arguments, the judge concluded that he did not have jurisdiction to consider the motion. We reverse and remand.

We conclude from our review that the motion judge, who was not the trial judge, never saw our order. At the outset of oral argument, the judge stated that he "only . . . had a limited opportunity to review the submissions," but that based on his understanding of what was before him, he did not "expect that [he would] need further review or preparation." He warned counsel that "there may be issues which you may expect the [c]ourt to know which I don't as yet."

Notably, neither attorney brought our order to the court's attention during oral argument. In fact, the prosecutor argued that defendant's motion was improper and not appropriate for the motion judge's consideration, never advising the judge that we already determined that issue in our order.

The judge concluded that defendant's "arguments [were] clearly issues to be addressed in the appellate court." He subsequently entered an order on June 22, 2016, denying defendant's motion for access to the recordings and, on July 6, 2016, he issued a memorandum of decision explaining his reasons. In it, the judge stated that defendant's motion was "beyond the legal competence of th[e c]ourt to consider [as the] issues [raised are] for the Appellate Division's consideration on appeal as to the trial record. There has been no limited remand by the Appellate Division . . . ." (emphasis added). Obviously, the judge was mistaken.

We are constrained to vacate the judge's order and remand the matter back to the Law Division for consideration of defendant's motion in accordance with our original order.

The result here has caused undue delay in our consideration of defendant's appeal. We caution trial judges to ensure that they have indeed reviewed all of the submissions and have read and ensured the accuracy of their decisions before entering orders. Erroneous orders can cause, as here, a waste of everyone's valuable time and, more importantly, a delay in justice being done.

The order dated June 22, 2016 is vacated. The matter is remanded for consideration of defendant's motion within twenty-one days. We retain jurisdiction, except as originally stated in our February 2, 2016 order.

4

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION